### HENRY BONN *v.* THE STATE

TAXATION OF COSTS IN THE COURT OF APPEALS IN MISDEMEANOR CASES.— When the appeal to this court in a misdemeanor case has been dismissed, the rule for the taxation of the costs of the clerk of this court is the same as that which applies to the taxation of such costs in misdemeanor cases where the judgment has been affirmed. See the opinion *in extenso* for a construction of the various statutes upon the subject.

ORIGINAL MOTION in the Court of Appeals to retax costs.

The original papers in this motion were destroyed by fire, at Galveston, and those which have reached the hands of the Reporters do not disclose the attorneys *pro* and *con* the motion.

WINKLER, J. The appeal in this case having been dismissed on motion of the assistant attorney general, representing the appellee, the clerk of this court issued an execution against the appellant and his sureties, and in the bill of costs accompanying the execution and taxed against the appellant and his sureties, as costs accruing to the clerk of this court, are the following items, to wit: Execution for costs, $1.00; recording return of execution,

75c; clerk's fees, art. 1088, C. C. P., $10.00; aggregating $11.75. A motion is now made to retax the costs on the ground, as alleged in the motion, that the law does not allow these several items of costs as above enumerated. The motion appears to be based upon the provisions of art. 1052, Code Crim. Proc., which is as follows: "No item of costs in a criminal action or proceeding shall be taxed that is not expressly provided by law."

The question presented by this motion is this: What costs are allowed by law to the several clerks of this court in cases where the appeal in a misdemeanor case is dismissed? A proper answer to this question depends upon a proper construction of the different statutory provisions relating to the subject. Article 1088 provides that the clerk of the Court of Appeals shall, in every case of misdemeanor, when the judgment is affirmed, receive the sum of ten dollars. Article 1089 provides that this charge shall be taxed against the defendant, and collected as other costs in the case. The costs to the clerk of ten dollars are properly chargeable under article 1088 against the defendant when the judgment is *affirmed;* but there is nothing whatever in this article prescribing his fees when the appeal is *dismissed.*

In the Revised Statutes provision is made which authorizes the clerks of the Supreme Court and the clerks of the Court of Appeals to tax and collect other costs than as mentioned in the Code of Criminal Procedure. Article 2380, Rev. Stats., enumerates certain fees which the clerks of the Supreme Court shall be entitled to recover. Art. 2381 is as follows: "The clerks of the Court of Appeals shall in civil cases recover the same fees allowed to clerks of the Supreme Court for like services." And article 2382 is as follows: "The clerks of the Supreme Court and Court of Appeals, for any service not herein provided for, shall receive such fees as may be allowed by their respective courts, not to exceed the fees herein

allowed for services requiring a like amount of labor."·
It is not found that the statutes, civil or criminal, make
any definite provision for any costs whatever in cases
of misdemeanor when the appeal has been dismissed, as
in the present case.

It is found that article 2380 authorizes the clerk of the
Supreme Court to receive for each writ issued $1.00, and
by art. 2381 the clerks of the Court of Appeals in civil
cases are allowed the same fees allowed to clerks of the
Supreme Court for like services, but none of these pro-
visions touch the question as to costs allowed the clerks
of the Court of Appeals in cases where the judgment
appealed from has been neither affirmed nor reversed, but
where as in the present case the appeal has been dismissed;
so that, either the provisions of article 2382, Rev. Stats.,
must furnish a rule, or the clerks must be required to
perform the services required of them without compen-
sation.

It is contended on the part of the appellant that because
of the change in the Revised Statutes from the statute
revised it is manifest that it was not intended to allow
the clerks any compensation for services rendered when
an appeal is dismissed, which had been provided for in
the former law; and this view, it is insisted, is strength-
ened by the provision with regard to the fees allowed the
attorney general. Whilst this argument is a very per-
suasive one, we do not deem it conclusive. If the legis-
lative intent can be gathered by what they have done,
and there is no ambiguity as to what has been done, then,
as a general rule, there is no room for construction. So
that, looking to what the several enactments are, and
whilst it is declared that no item of costs shall be taxed
in a criminal case which is not expressly provided by law
(art. 1042, Code Crim. Proc.), still we deem it more rea-
sonable to suppose that the Legislature intended that the
clerks should have compensation under the provisions of

art. 2382, Rev. Stats., than that it was the intention of the Legislature that the clerks should perform this or any other important and responsible duty without compensation; and we are not aware of, nor have we been presented with, a better rule by which to estimate the value of the services to be performed than that allowed by law for the services rendered when the judgment is affirmed.

We are of opinion, therefore, that the clerks of this court are entitled to other fees than those specially enumerated in the different articles of the statute, under the plain intent of art. 2382, Revised Statutes; that a fee for issuing and recording execution, being services required in addition to the ordinary criminal fees, is reasonable and proper; and that a fee of ten dollars, not being otherwise provided for, is a reasonable and proper charge for the duties required of the clerk in and about a case when the appeal has been dismissed; — that they are all within a reasonable and fair interpretation of articles 2380, 2381 and 2382, Revised Statutes, and of former rulings.

The motion is refused at the costs of the appellant.

*Motion overruled.*